UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

STACY LEA SIMMS, ET AL.                                                            PLAINTIFFS

V.                                                     CIVIL ACTION NO.: 3:09-cv-84-DPJ-FKB

HALEY BARBOUR, ET AL.                                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on cross motions for summary judgment [33, 38] and Plaintiffs' Motion to Certify Class [36]. Because no genuine issue of material fact exists as to Plaintiffs' federal claims, the Court finds Defendants' motion should be granted, while Plaintiffs' motions should be denied. Plaintiffs' state-law claims were previously dismissed for lack of jurisdiction.

I.      Facts and Procedural History

The named plaintiffs in this case are adoptive parents who entered into Adoption Assistance Agreements with the Mississippi Department of Human Services, Division of Children and Family Services (DFCS). The agreements entitle the parents to monthly payments, which they claim were to move in lock-step with foster care rates.

In 2008, the State settled *Olivia Y. v. Haley Barbour*, Civil Action No. 3:04cv251LN. As a term of the settlement, DFCS agreed to increase foster care rates in Mississippi, but it elected to maintain the adoption assistance payments at their previous rates. When Plaintiffs learned of the decision, they demanded that DFCS pay the "proper contracted rate," Pls.' Compl. [1] ¶¶ 36, 42, 48, but their demands were denied. At Plaintiffs' request, an administrative hearing was held. One month later, Richard Berry, the Hearing Officer, entered an opinion that the *Olivia Y.* settlement agreement increased only the foster care rates; the adoption assistance payments were

not include in that settlement.  Feeling aggrieved, Plaintiffs filed this action under Miss. Code Ann. § 93-17-101, and under 42 U.S.C. § 1983 for denial of procedural due process and equal protection.

On November 11, 2009, the Court granted Defendants' 12(b)(1) motion and dismissed without prejudice Plaintiffs state-law and compensatory claims on the basis of Eleventh Amendment sovereign immunity.  Order [14] at 6, Nov. 11, 2009.  But the Court denied Defendants' 12(b)(6) motion as to federal claims for prospective and injunctive relief.  *Id.* at 8–11.  At the close of discovery, Plaintiffs moved for summary judgment on all surviving claims.  Defendants then filed a cross motion for summary judgment.  The motions are fully briefed and the Court is prepared to rule.

II.     Standard of Review

Summary judgment is warranted under Rule 56(c)(2) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact.  *Id.* at 323.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  *Id*. at 324.  Conclusory allegations, speculation, unsubstantiated assertions, and

legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

III.     Analysis

The Eleventh Amendment bars suits against state governments, and official-capacity suits against state officials, for remedial relief.[1] *See Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). A narrow exception exists under *Ex parte Young*, permitting official-capacity suits against state officials for prospective injunctive relief. 209 U.S. 123 (1908). "The rule of *Ex parte Young* empowers the federal courts to grant the prospective injunctive relief sought by the plaintiffs if the rules challenged in th[e] case . . . violate federal law." *Earles v. State Bd. of Certified Pub. Accountants of La.*, 139 F.3d 1033, 1039 (5th Cir. 1998) (citing *Penhurst*, 465 U.S. at 103–21). Thus, a plaintiffs' pendant state-law claims "are not cognizable in a proceeding under *Ex parte Young* because state officials continue to be immunized from suit in federal court on alleged violations of state law brought under the federal courts' supplemental jurisdiction." *Id.*

---

[1] The text of the Amendment states: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend XI.

Defendants urge the Court to decline jurisdiction because Plaintiffs' claims are "based solely on [alleged violations] of state law." Defs.' Resp. [41] at 10. As an initial point, this Court previously dismissed all of Plaintiffs' state-law claims based on Eleventh Amendment immunity. Order [14], Nov. 16, 2009. But Plaintiffs seem to press those claims in their motion for summary judgment and in their response to Defendants' motion. *See generally* Pls.' Mem. Supp. Summ. J. [34]; Pls.' Resp. [45] at 6–7 ("Although Plaintiffs have claims based on breach of contract (state common law), Plaintiffs [sic] claims are not based solely upon state common law.") (capitalizations omitted). To be clear, all state-law claims have been dismissed under the Eleventh Amendment for want of jurisdiction, leaving only "federal claims that are declaratory or injunctive in nature and prospective in effect." Order [14] at 7, Nov. 16, 2009. The Court therefore focuses on the suggested federal claims.[2]

B.      Plaintiffs' Federal Claims

Plaintiffs travel under § 1983 in three ways, alleging violations of (1) the Social Security Act, as amended, 42 U.S.C. §§ 671, 673; (2) procedural due process; and (3) equal protection under the law. None of these claims survives Defendants' summary judgment motion.

1.      Plaintiffs' Social Security Act Claim

In response to Defendants' Motion for Summary Judgment, Plaintiffs argued that Defendants violated federal law—thus giving rise to a § 1983 claim—when they failed to comply with §§ 671 and 673. Even if those provisions applied to the facts of this case, which is not apparent, Plaintiffs never pled the violations they now urge. Their Complaint makes no reference to a § 1983 claim premised on such violations and further fails to aver the factual

---

[2]Although Plaintiffs appear to present their state-law arguments in the context of a state-law claim, it may be that they intended for this analysis to apply to the issue of whether they have a cognizable property interest for which due process is required.

predicates suggested in Plaintiffs' response. Moreover, Plaintiffs' never sought leave to amend their Compliant to assert these new allegations. Plaintiffs waived any claims premised on §§ 671 and 673. *See Gomez v. LSI Integrated LP*, 246 F. App'x 852, 854 (5th Cir. 2007) (affirming district court's holding that claims "raised for the first time in response to the defendant's summary judgment motion, were not properly before the court.").

2. Plaintiffs' Procedural Due Process Claims[3]

Plaintiffs generally claim that they were denied procedural due process, as required by the Fourteenth Amendment, when the State (1) failed to provide notice of increased foster care rates, (2) failed to raise the adoption assistance rates in lock-step with foster care rates, and (3) conducted an administrative hearing, at Plaintiffs' request, utilizing the wrong standard for individualized payment determination.

Although now argued as a due process issue, Plaintiffs' Complaint and subsequent submissions reveal a breach-of-contract action. Simply stated, they seek an order under Mississippi law interpreting the Adoption Assistance Agreement in their favor and awarding monetary contract benefits. To the extent this can be viewed as a due-process issue, Plaintiffs received the process they were due.

---

[3]While Plaintiffs list only a procedural-due-process argument in addition to their equal-protection claims, their Complaint conflates concepts of substantive and procedural due process. *See* Pls.' Complaint [1] at 10, ¶ 52. Nevertheless, Plaintiffs have never pursued a substantive-due-process claim, even in the face of Defendants' attack. *See* Defs.' Mem. Opp. Summ. J. [39] at 25 ("[T]he Plaintiffs' claim sounds in substantive rather than procedural due process."). Therefore, a substantive-due-process claim is not properly before this Court. *See, e.g.*, *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) ("Failure adequately to brief an issue . . . constitutes waiver of that argument.") (citations omitted); *U.S. v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000) (waiver for failure to include argument in statement of issue or body of brief).

Due process requires "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). In this case, Plaintiffs dispute notice and the fairness of the hearing they received, but they have not disputed Defendants' contention that the results of the hearing were appealable in state court, or that Plaintiffs had the right to file a breach-of-contract action in state court.

Whether a breach-of-contract action satisfies Plaintiffs' due-process rights depends on the nature of the property interest (assuming there is one). In *Lujan v. G & G Fire Sprinklers, Inc*., the Court distinguished those circumstances requiring pre-deprivation process from those contract-based claims for which civil suits provide an adequate remedy. 532 U.S. 189, 195–96 (2001). The Court determined that where a "present entitlement" to a property interest exists, a civil suit will not constitute sufficient process. *Id.* at 196. "Present entitlement" was not specifically defined, but the cases contrasted by the Court indicate that it includes plaintiffs seeking to "exercise ownership dominion over real or personal property, or to pursue a gainful occupation." *Id*. In such cases, a subsequent civil suit may not provide an adequate and timely remedy. Although the Fifth Circuit has never interpreted *Lujan*, other courts have concluded that "postdeprivation remedies appropriate to the deprivation of an interest to which there is a present entitlement are characterized by promptness and by the ability to restore the claimant to possession. The underlying concept seems to be that the remedy is available before the loss has become complete and irrevocable." *Baird v. Bd. of Educ. for Warren Cmty. Unit Sch. Dist. No. 205*, 389 F.3d 685, 692 (7th Cir. 2004).

By contrast, the plaintiff in *Lujan*, G & G, was deprived of contract payments that were withheld due to an alleged breach by G & G. The Court noted that "G & G has only a claim that

6

it did comply with those terms and therefore that it is entitled to be paid in full," and held: "Though we assume for purposes of decision here that G & G has a property interest in its claim for payment, it is an interest . . . that can be fully protected by an ordinary breach-of-contract suit." 532 U.S. at 196 (internal citation omitted).

The same is true in this case. Even if the Plaintiffs have a valid property interest in increased rates, their rights can be fully protected by an ordinary breach-of-contract suit. To this day, Plaintiffs continue to receive the same benefits they agreed to accept when they entered their contracts with the State. While they seek additional amounts due to the increase in foster care rates, they are not at risk of losing their property or livelihood. Nor do they risk irrevocable injury from delayed payments. In fact, they seek prospective damages—an interest that can be fully protected in a breach-of-contract suit in state court. *Compare Baird*, 389 F.3d at 691 (holding that post-deprivation suit for breach of employment contract was not adequate due to "present entitlement") *with Hughes v. Zurz*, 298 Fed. App'x 404, 416–17 (6th Cir. 2008) (holding that plaintiff seeking disputed contract damages for allegedly confiscated employment benefits established "no present entitlement and no right to a post-deprivation hearing other than the normal judicial process"). Plaintiffs ignored *Lujan* in their response, but the Court finds that it is applicable and supports Defendants' motion for summary judgment of the procedural-due-process claim.[4]

---

[4] Numerous courts interpreting *Lujan* in analogous contexts have concluded that a breach-of-contract claim fully protects a plaintiff's procedural-due-process rights. *See, e.g.*, *Ramirez v. Arlequin*, 447 F.3d 19, 25 (1st Cir. 2006) (affirming dismissal of due process claims brought by contractors who alleged that defendant municipality wrongfully withheld payments under a contract because plaintiffs failed to "allege that there is no complete and adequate remedy available under state law for the breach of contract"); *TriHealth, Inc. v. Bd. of Com'rs, Hamilton Cnty., Ohio*, 430 F.3d 783, 794 (6th Cir. 2005) (applying *Lujan* to affirm dismissal of due-process claim by plaintiff who was excluded from competitive bidding); *McCracken v. Lockwood Sch. Dist. No. 26*, 208 Fed. App'x 513, 515–16 (9th Cir. 2006) (reversing denial of

### C. Plaintiffs' Equal Protection Claims

Plaintiffs argue that when the State refused to increase their adoption assistance payments, they were not treated the same as others similarly situated in violation of the Fourteenth Amendment's Equal Protection Clause. The Equal Protection Clause states: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1, cl. 2. "Its mandate requires a state to treat all similarly situated persons alike." *Griffith v. Johnston*, 899 F.2d 1427, 1441 (5th Cir. 1990) (citing *City of Cleburn, Tex. v. Cleburn Living Ctr.*, 473 U.S. 432, 442 (1985); *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

As a threshold point, Plaintiffs must demonstrate that they are similarly situated to those providing foster care. *Id.* Plaintiffs begin their response by "agree[ing] that all adopted children whose parents receive adoption assistance payments are not similarly situated to children in foster care." Pl.s' Resp. [45] at 17 (capitalization omitted). This concession would seemingly end the analysis, but Plaintiffs contend that the two groups are similarly situated because both are considered "special needs" children. *Id.* This analysis fails to account for the fact that foster

---

summary judgment where former employee sought benefits under a termination agreement and holding that "the lack of time-sensitive issues, the purely financial subject matter of the contract right asserted, and the availability of state-law remedies sounding both in tort and contract, demonstrate that McCracken's contract did not constitute a 'present entitlement' such that ordinary state judicial process is an insufficient remedy for his deprivation"); *Marshall v. Lauriault*, 372 F.3d 175, 186–87 (3rd Cir. 2004) (holding that dispute over interests in a trust failed to establish a "present entitlement" because the "ability to pursue their claim in the appropriate state court at the time of the Trust disposition provides all the process that is due . . . under the Fourteenth Amendment of the United States Constitution"); *DeBoer v. Pennington*, 287 F.3d 748, 749–50 (9th Cir. 2002) (holding that "like the plaintiff in *Lujan,* [plaintiffs] are fully protected by an ordinary breach of contract suit"); *Sharp v. Lindsey*, 285 F.3d 479, 489 (6th Cir. 2002) ("Where, as here, the employee's livelihood has not been jeopardized by his allegedly premature dismissal from a fixed-term position, it is even clearer than it might otherwise be that the deprivation of the employee's finite interest is something that 'can be compensated adequately by an ordinary breach of contract action.'"); *MW Builders of Tex., Inc. v. City of Wichita Falls*, No. 7:08-CV-192-O, 2009 WL 2365443, at *6 (N.D. Tex. July 31, 2009) (same).

children—unlike adopted children—remain under state custody. Miss. Code Ann. §43-15-13(1) (2010).

The Fifth Circuit addressed this issue in *Griffith*, where adoptive parents and their children brought § 1983 actions against the State of Texas, alleging that the State's adoption program, administered under 42 U.S.C. § 673, was unconstitutional because it provided "greater services to children in state custody than to children in private custody." 899 F.2d at 1441. The Fifth Circuit noted that under Texas law, the State is the managing conservator for children in its care with a duty to provide for them. *Id*. (citing 2 Tex. Fam. Code Ann. § 14.02(b) (West 1986 & Supp. 1990); 2 Tex. Fam. Code Ann. §§ 11.01 *et seq.*, 15.02, 15.05(b), 14.01(a), (c) (West 1986 & Supp. 1990) (other citations omitted)). The Fifth Circuit then rejected the adoptive parents' equal-protection argument, holding that "[a]dopted children who rely upon their adoptive parents for support and children under state conservatoires, are in no way similarly situated." *Id.* Because state law expressly terminated "[t]he [S]tate's responsibility . . . when the state court finalizes adoption," the Court held that "[t]he [S]tate has no responsibility to treat these disparately situated identically." *Id.*

As in Texas, Mississippi children in foster care are placed in the custody of the State. Miss. Code Ann. §43-15-13(1). Adoptive children are not. § 93-15-111. Thus, Plaintiffs' equal-protection claim fails for the reasons stated in *Griffith.*

D. Plaintiffs' Motion for Class Certification

District courts have the discretion to decide dispositive motions prior to ruling on class certification. *Floyd v. Bowen*, 833 F. 2d 529, 534–35 (5th Cir. 1987) (holding that the district court did not err in failing to issue class certification after granting defendant's summary judgment motion). Here, Plaintiffs' Motion [36] is moot. Simply put, the Court has granted

Defendants' summary judgment motion, and thus, "there is no reason to proceed to the plaintiffs' motion to certify a class." *Alexander v. Stonebridge Life Ins. Co.*, No. 4:02-CV-64, 2004 WL 741668, at *1 (N.D. Miss. Mar. 24, 2004) (citing *Floyd*, 833 F.2d at 834); *see also Camp v. Allstate Ins. Co.*, 100 F.3d 953, at *1 (5th Cir. 1996) (unpublished table decision).

IV. Conclusion

The Court has fully considered all arguments presented in the parties' submissions. Those not expressly addressed would not change the result. Moreover, the Court acknowledges that Defendants offered additional, potentially meritorious grounds for granting summary judgment. The Court did not address those issues due to Plaintiffs' failure to create genuine issues of material fact as to the essential elements addressed above.

In sum, this matter presents a standard breach-of-contract dispute that must be pursued in state court. Defendants' Motion for Summary Judgment [38] is granted; Plaintiffs' Motion for Summary Judgment [33] is denied; and Plaintiffs' Motion for Class Certification [36] is denied as moot.

**SO ORDERED AND ADJUDGED** this the 15th day of December, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE